## STATE *v.* JOSHUA O.. SNELL.

To support a count in an indictment charging that the defendant "being then and there employed as the agent of one P., did, by virtue of his said employment there and while he was so employed as aforesaid, receive and take into his possession certain bank bills,"—'for and in the behalf of said P., and said bank bills did then and there fraudulently and feloniously embezzle," there must be evidence that the defendant was the agent of P., and that, as such agent, he received said bank bills for and in P.'s behalf. and embezzled them. —

It is not the duty of a jury to find a defendant guilty of embezzlement, if they find he receives money for the specific purpose of paying a note and does not pay the same, unless they find that he, being the agent of a third person and receiving the money as such agent, fails to pay the same in consequence of some fraudulent act or conversion of the money.

Value in bank bills, received by a defendant in an indictment, may be proved by the government from circumstances, or by the defendant's own admissions, as well as by testimony specifically introduced for that purpose.

INDICTMENT against the defendant, in two counts, charging him with embezzlement.

The first count charged that the defendant, " on the 20th day of December, in the year of our Lord one thousand eight hun-dred and sixty-six, with force and arms, at North Providence, aforesaid, in the aforesaid county of Providence, being then and there employed as the agent of one Henry Pinkham, did, by virtue of his said employment then and there, and whilst he was so employed as aforesaid, receive and take into his posses-sion certain money to a large amount, to wit., to the amount of nine hundred dollars, and of the value of nine hundred dollars, for and in the name and on the account of the said Henry Pink-ham, and for a specific purpose, to wit., to take up and pay a cer-tain promissory note which had been endorsed by the said Henry Pinkham, and was made payable to one Henry C. Dorsey. due on the eleventh of December, A. D. eighteen hundred and sixty-six, and which still remains due and unpaid, and the said money did then and there fraudulently and feloniously embezzle."

The second count charged that the defendant, on the same day and year, at said North Providence, " being then and there employed as the agent of one Henry Pinkham, did, by virtue

of his said employment then and there, and whilst he was so
employed as aforesaid, receive and take into his possession cer-
tain bank bills to the amount of nine hundred dollars, and of
the value of nine hundred dollars, for and in the behalf of the
said Henry Pinkham, and said bank bills did then and there
fraudulently and feloniously embezzle."

At the trial of the cause, before Mr. Justice Shearman and
a jury, at the September term of the Court of Common Pleas
for the county of Providence, 1867, the counsel for the defen-
dant requested the court to charge the jury, that as the first
count in the indictment charged that the defendant received
said moneys for a specific purpose, to wit, to take up and pay
a certain promissory note which had been endorsed by the said
Henry Pinkham, and was made payable to one Henry C. Dor-
sey, due on the 11th day of December, 1866, and the proof was,
that the note, to pay which the defendant had received the
moneys alleged to have been embezzled, was one made payable
to Henry Pinkham, and due the 7th and 10th of December,
1866, there was a variance between the proof and the first count
in the indictment, and that the jury were not authorized to con-
vict under said first count of the indictment.

The court refused to give this instruction, but, on the con-
trary, instructed the jury that there was no variance between
the proof and the indictment, and that the first count of the in-
dictment sufficiently described the note, and that the jury were
authorized to find that the note in proof was the note described
in said count, and that if they found that the defendant received
any money for the specific purpose of paying the note certified
to by the witnesses, and did not pay the same, they must find
the defendant guilty.

The counsel for the defendant also requested the court to
charge the jury, that the government not having proved any
value to the bank bills alleged to have been embezzled, the de-
fendant was entitled to an acquittal.

The court refused to give this instruction also, but charged
the jury that the testimony being that the defendant admitted
that he had sold from eight to nine hundred dollars worth of

trees, that was proof sufficient to show that the defendant had received bank bills and to show the value thereof.

The defendant having duly excepted at the trial to these refusals to instruct, and instructions, and a verdict of guilty having been returned against him in the Court of Common Pleas, now brought his exceptions to this court, for a new trial upon the ground of misdirection in matter of law, and also on the ground that the verdict was against the evidence.

*Van Slyck, for the defendant:*—

This was an indictment for embezzlement under the statute, under which the defendant was found guilty, and now the defendant claims that a new trial should be granted.

I. The judge erred in charging "that there was no variance between the proof and the indictment as respects the description of the note in the first count thereof, and that the jury were authorized to find the note in proof to be the note described in said count." 1. The note described was one made payable to one Henry C. Dorsey, due on the eleventh of December, 1866 ; the note proved was one made by J. O. Snell, and made payable to Henry Pinkham, and was due the 7th and 10th of December, 1866 ; so there was one note described and another proven. 2. There being a variance between note proven and note described, it was a material variance ; because this count in the indictment sets forth that the " specific purpose for which money was received," was to pay the note described, and the proof is, he did not pay a certain other note, (the one proven.)

II. There was no value proved to bills or property said to have been embezzled.

*The Attorney General, Willard Sayles, Esq., for the State :*—

Defendant's application for a new trial is based upon the following exceptions, and that the verdict was against the evidence : That the charge of said judge was contrary to the law, in this, 1st, that the jury was not authorized to convict under the first count of the indictment, for the reason that there was a variance between the proof and said first count of the indictment, and that the judge refused to charge that such variance was fatal ; and 2d, that the judge refused to charge the jury,

that it was necessary to prove the value of the bank bills alleged to have been embezzled.

In reply to the first proposition, it is enough to say, that no objection was made to the second count, and as far as appears, the jury may have found their verdict under that count. The sufficiency of said second count was not questioned then, and it is too late to do it now. This count fully meets the requirements of Chap. 556 of the Public Laws of Rhode Island. In reply to the second position, Henry Pinkham swore (page 2), that Snell told him, " that he had sold about $900 worth of trees." S. T. Lord swore (page 5), that Snell had sold, " as he said, I think, the amount sold figured over $950." These admissions were of money received, and we know of no other way of proving value.

DURFEE, J. The defendant moves for a new trial upon the ground that the verdict was against the weight of the evidence, and against the evidence. The verdict can only be supported, if at all, upon the second count of the indictment, there being in our opinion, a material variance between the first count and the proof.

The second count charges that the defendant, on the 20th day of December, 1866, at, &c., " being then and there employed as the agent of one Henry Pinkham, did by virtue of his said employment, then and there, and while he was so employed as aforesaid, receive and take into his possession certain bank bills of the amount of nine hundred dollars, and of the value of nine hundred dollars, for and in the behalf of the said Henry Pinkham, and said bank bills, did then and there fraudulently and feloniously embezzle," &c.

To support the verdict on this count, there should be evidence that the defendant was the agent of Pinkham, that as such he received said bank bills for and in Pinkham's behalf, and embezzled them.

It appears by the evidence as reported, that the defendant and Pinkham were copartners in the nursery business from the spring of 1865 to March 30th, 1866, when the partnership was dissolved; that after the dissolution, the defendant continued

in possession of the property, and that in the notice of dissolution, it was stated that the business would be conducted and the bills paid by him. ˙ It appears that the partnership was indebted by note to Wilder & Baker, for trees, and that when said note matured, or was about to mature, the defendant told Pinkham that if he would endorse his note, he would raise money to pay the Wilder & Baker note ; that Pinkham told the defendant he wanted a bill of sale, and the defendant gave Pinkham a bill of sale dated June 7, 1866, of certain trees and vines, being, as we infer from the evidence, trees and vines which had belonged to the partnership ; that the note was made on the same day for $1,250 by the defendant, payable to Pinkham, and by him endorsed ; that on this note the defendant got from one Henry C. Dorsey money which he used in taking up the Wilder & Baker note, and, as was understood, the balance, about fifty dollars, he retained for his own use. It also appears that there was no change in the possession of the property consequent upon the bill of sale, and that the defendant was authorized to sell the trees and vines under the bill of sale, and do what was necessary to close up the business, and pay the expenses, bills, and the note endorsed by Pinkham ; and that Pinkham told the defendant he would give him all that was over, and, when these were paid, would give up the bill of sale ; that it was understood that when the bills were paid and notes taken up, that the bill of sale and the title to the property should be surrendered to the defendant ; that the attorney who drew the bill of sale told the defendant he must pay the note first, and that if he appropriated the money otherwise it would be a State Prison offence. Pinkham testified, the " defendant said when he got the money collected he would pay it over to me. I told him he could do so, or pay it into the First National Bank ;" and again, " I told Snell he could pay the money collected to me, and I would pay it into the bank, or he could deposit it in bank himself." The note was left at the First National Bank.

The evidence further shows, that the defendant admitted having sold about $900 worth of trees, and produced his book to Pinkham and his attorney, the latter testifying that he thinks

the amount sold figured over $950 ; that he had collected a considerable portion of this amount; according to said attorney's testimony, he admitted that he had collected over $900; that he left the State and went to New York, without having paid the note endorsed by Pinkham ; and that in New York he told both Pinkham and his attorney that he had no money.

We think the evidence does not show such a relation of principal and agent, between Pinkham and the defendant, as warrants the verdict under the second count of the indictment. The defendant had been a copartner of Pinkham, and after the dissolution of the firm, was left in possession of the property to close up the business. He afterwards gave Pinkham a bill of sale, but there was no change in the possession of the property. He was to sell the property, and out of the proceeds thereof to pay certain debts for which he, as well as Pinkham, was liable, and if anything was left he was to have it. The business continued to be his business as well as Pinkham's. Indeed, Pinkham testified : " I knew, and did not object to his conducting the business in his own name, because I thought it would be for his advantage, as he wished to continue in the nursery business." The defendant thus acted for himself, as well as for Pinkham, in selling the property. He also received the proceeds of the sale for himself, as well as Pinkham. By the understanding between him and Pinkham, those proceeds were to be used for the payment of debts for which he, as well as Pinkham, was liable. If we rightly understand the relation between them, even Pinkham could not have properly used those proceeds, if they had been paid to him, as his own, without paying the debts. In one view, the defendant had the greater interest in them ; for if anything remained after paying the debts, he was to have it.

We therefore, think that the defendant is not proved, either to have been the agent of Pinkham, in the simple sense in which the word should be held to have been used in the indictment, or to have received the money, which he received, as such agent, for and in behalf of Pinkham, inasmuch as the money was to be used primarily for a purpose in which he himself had, in a legal point of view, as great an interest as Pinkham,

if not a greater. We think the bill of sale given by the defendant to Pinkham must be regarded simply as security to the latter for his endorsement, and perhaps also for his liability for the firm debts, and that it did not so essentially change the relation between them that the defendant thereafter became the mere agent of Pinkham, without any common interest with him in the property. Consequently, we hold that the charge contained in the second count of the indictment was not sufficiently proved by the evidence, to warrant a verdict of guilty against the defendant.

Whether or not the evidence fails to support the verdict in any other respect than those we have considered, we deem it unnecessary to determine.

The defendant also moves for a new trial on account of alleged errors in two rulings, and in the charge of the Court of Common Pleas, to which he has excepted.

1. We think the ruling covered by the first exception was erroneous—there being a material variance between the proof and the first count of the indictment. But we do not think the error is a sufficient ground for a new trial, for the reason that the verdict is general, and, in our opinion, the indictment being framed as it is, no verdict can be rendered on the first count which cannot also be rendered on the second, and in regard to the second count, the ruling was immaterial.

We also think the charge of the court, as reported in connection with the report of this ruling, was erroneous, unless qualified in some portion of it which is not reported It was not the duty of the jury to find the defendant guilty, if they found he received money for the specific purpose of paying the note and did not pay the same, unless they further found that, being the agent of Pinkham, and having received the money as such, he failed to pay the same in consequence of some fraudulent use or conversion of the money.

2. We think it was competent for the government to prove value in the bank-bills received by the defendant, if any were received by him as charged, from circumstances or by his own admissions, as well as by testimony specifically introduced for

that purpose.   We think, therefore, that the court rightly refused, in view of the testimony, to charge according to the defendant's request in the second exception.

But the court is reported to have charged the jury in the same connection, that " the testimony being that said defendant admitted he had sold from eight to nine hundred dollars worth of trees, was *proof sufficient* to show that defendant had received bank-bills and the value thereof." This, taken strictly as reported, was error ; the sufficiency of the testimony as proof on those points being matter for the jury to pass upon.   We remit the case to the Court of Common Pleas for a new trial.

*New trial granted.*